JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (MANx) | Date | September 18, 2014 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Julieta Lozano | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before this Court is an action filed by Bozena Klune ("Plaintiff") against defendants Ashley Furniture Industries, Inc. ("Ashley"), Stoneledge Furniture, LLC ("Stoneledge"), Jag Daswatta, and Does 1-50 (collectively, "Defendants").  Plaintiff initiated this action in Los Angeles Superior Court on April 21, 2014.  On May 23, 2014, Ashley and Stoneledge ("Employer Defendants") removed the action to this Court, alleging jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and supplemental jurisdiction.  See 28 U.S.C. § 1367(a).

The Complaint asserts class claims against Employer Defendants for (1) failure to pay statutorily mandated overtime wages, Cal. Lab. Code ¶ 510; (2) failure to provide adequate meal periods or proper compensation in lieu thereof, Cal. Lab. Code § 226.7; (3) failure to provide rest periods or proper compensation in lieu thereof, Cal. Lab. Code § 226.7; (4) failure to indemnify and reimburse expenditures and/or loss, Cal. Lab. Code § 2802; (5) failure to furnish accurate itemized wage statements, Cal. Lab. Code § 226; (6) failure to keep accurate payroll records, Cal. Lab. Code § 1174; (7) waiting time penalties, Cal. Lab. Code §§ 201, 202; (8) violations of California's labor laws, under the California Labor Code Private Attorney General Act ("PAGA"), Cal. Lab. Code §§ 2698 et seq.; and (9) unlawful, unfair, and fraudulent activity, Cal. Bus. & Prof. Code §§ 17200 et seq.

In addition, the Complaint asserts individual claims for (1) violations of California Labor Code sections 96(d), 98.6, 232, 232.5, 1102.5(c) ("retaliation claim"); (2) wrongful termination in violation of public policy or statute; (3) harassment based on age, sex, national origin/ancestry, medical conditions, and actual and perceived physical disabilities, Cal. Gov't Code § 1240(j); (4) discrimination and retaliation based on age, sex, race, national origin/ancestry, medical conditions, and actual and perceived physical and mental disabilities, Cal. Gov't Code §§ 12940(a), (h); (5) failure to accommodate, Cal. Gov't Code § 12940(m); (6) failure to engage in the interactive process, Cal. Gov't Code § 12940(n); (7) failure to prevent discrimination and harassment, Cal. Gov't Code § 12940(k); (8) breach of contract; (9)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (MANx) | Date | September 18, 2014 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

estoppel; (10) negligent misrepresentation; (11) assault and battery; and (12) defamation.

On August 11, 2014, this Court issued an order for Employer Defendants to show cause why it should not remand Plaintiff's individual claims for lack of subject matter jurisdiction. (Docket No. 32.) Employer Defendants submitted a Response on August 22, 2014. (Docket No. 34.) Employer Defendants contend that the Court has supplemental jurisdiction over the individual claims because discovery regarding Plaintiff's credibility with respect to her individual claims may be relevant to her adequacy as a class representative. In addition, Employer Defendants contend that discovery regarding the merits of Plaintiff's individual claims may be relevant to determining whether Plaintiff's claims are typical of the putative class.

Supplemental jurisdiction is conferred by 28 U.S.C. § 1367, which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try
them in one judicial proceeding." Kuba v. 1-A Agric. Ass'n, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003)); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). In other words, "'pendent claims remain within the court's jurisdiction if the vital facts that must be proved as predicates of the [federal claim] are the same as those that must be proved to establish [the state claims].'" Does 1-4 v. Arnett, No. SACV 12-96-JST (Anx), 2012 WL 3150934, at *4 (C.D. Cal. Aug. 1, 2012) (quoting Republic of the Phil. v. Marcos, 862, F.2d 1355, 1360 (9th Cir. 1988)).

Here, Employer Defendants argue that discovery relating to Plaintiff's individual claims may be relevant to class certification because it has the potential to undermine both Plaintiff's adequacy as a class representative and the typicality of her claims. Although the Court recognizes that such evidence may indeed be relevant at the class certification stage, Employer Defendants have not cited—and the Court has been unable to find—any authority suggesting that this alone makes individual and class claims part of the same case or controversy. Moreover, Employer Defendants' reasoning proves too much. Taken to its conclusion, Employer Defendants' argument would give federal courts supplemental jurisdiction over the individual claims of a class representative, regardless of subject matter, whenever a class action is properly before the court under CAFA. Employer Defendants offer no argument that Plaintiff's class claims—which focus on wage and hour violations—share a common nucleus of

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (MANx) | Date | September 18, 2014 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

operative fact with Plaintiff's individual claims—which focus on the individual circumstances of Plaintiff's termination and alleged discrimination and harassment.

    For the reasons stated above, this Court finds that it does not have supplemental jurisdiction with respect to Plaintiff's individual claims. The Court therefore remands these claims to Los Angeles Superior Court, Case No. BC543294, for lack of subject matter jurisdiction.

    IT IS SO ORDERED.