# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS — COURT ORDER

Before the Court is a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment filed by defendants Ashley Furniture Industries, Inc. ("Ashley"), Stoneledge Furniture, LLC ("Stoneledge"), and Jagath Daswatta ("Daswatta") (collectively "Defendants"). (Docket No. 58.) Plaintiff Bozena Klune ("Plaintiff") has filed an Opposition (Docket No. 61), to which Defendants have filed a Reply (Docket No. 67).

## I.    Background

Defendants are a furniture company, its parent company, and Plaintiff's former supervisor. Plaintiff is a former furniture salesperson. Plaintiff was employed by Defendants from approximately August 29, 2011 to May 18, 2013. She was allegedly paid a base rate of $12.01 per hour as a draw against her commission schedule. In effect, Plaintiff was guaranteed a minimum hourly wage that was expected to be covered by sales commissions; but, in the event that commissions did not cover the guaranteed minimum hourly wage, Defendants would pay the difference as an advance against future commissions. Plaintiff did not receive overtime pay.

On April 21, 2014, Plaintiff filed individual claims and class claims in Los Angeles Superior Court. (Docket No. 1, Ex. A.) The claims included: (1) violations of Cal. Labor Code §§ 96(d), 98.6, 232, 232.5, and 1102.5(c) (individual); (2) wrongful termination in violation of public policy or statute (individual); (3) harassment based on age, sex, national origin/ancestry, medical conditions, and actual and perceived physical disabilities (individual); (4) discrimination and retaliation based on age, sex, national origin/ancestry, medical conditions, and actual and perceived physical disabilities (individual); (5) failure to accommodate (individual); (6) failure to engage in interactive process (individual); (7) failure to prevent discrimination and harassment (individual); (8) breach of contract (individual); (9) estoppel (individual); (10) negligent misrepresentation (individual); (11) assault and battery (individual); (12) defamation (individual); (13) failure to pay statutorily mandated overtime wages (individual/class); (14) failure to provide adequate meal periods or proper compensation in lieu thereof (individual/class); (15) failure to provide rest periods or proper compensation in lieu thereof (individual/class); (16) failure to indemnify and reimburse expenditures and/or losses (individual/class); (17) waiting time penalties (individual/class); (18) failure to keep accurate payroll records

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

(individual/class); (19) failure to furnish accurate itemized wage statements (individual/class); (20) unlawful, unfair, and fraudulent activity (representative/class); and (21) Cal. Labor Code Private Attorney General Act (individual/representative).

The case was removed to this Court on May 23, 2014. On September 18, 2014, this Court declined to exercise supplemental jurisdiction over Plaintiff's purely individual claims (i.e. Plaintiff's claims 1-12) and remanded these claims to state court. (Docket No. 39.) On October 27, 2014, the Court granted a Motion to Strike Plaintiff's Class Allegations because Plaintiff failed to timely move for class certification. (Docket No. 49.)

Defendants now move for summary judgment on each of Plaintiff's remaining claims.

## II.     Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325.

As required on a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(c). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the non-moving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252). Otherwise, summary judgment shall be entered.

## III.     Analysis

### A.     Failure to Pay Overtime

Defendants argue that Plaintiff is not entitled to overtime pay because she was properly classified as an exempt commissioned salesperson. Defendants argue that, based on California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

Industrial Wage Order ("IWC") 7-2001 and Keyes Motors, Inc. v. Div. of Labor Standards Enforcement, 197 Cal. App. 3d 557, 561-63 (Cal. App. 1987), four elements determine whether an employee is a commissioned salesperson not entitled to overtime. These are (1) that the employee's principal function must be selling a product or service; (2) that the employee's compensation for sales of the product or service must be a percentage of the price of the product or service; (3) that the employee's earnings must exceed one and one-half times the minimum wage; and (4) that more than one-half of the employee's earnings must represent commissions.

Plaintiff argues that Defendants misstate the relevant standard. Plaintiff suggests that, in addition to the factors listed above, Defendants must establish (1) that for each hour worked within each workweek, pay must exceed one and one-half times the minimum wage and (2) that none of the minimum pay was recovered from commissions earned in future workweeks. In support of these elements, Plaintiff cites to the 2002 Division of Labor Standards Enforcement Policies and Interpretations Manual ("DLSE Manual").[1]

The first element is consistent with the third element identified by Defendants, above. The second element rests upon a misinterpretation of the DLSE Manual and relevant case law. The DLSE Manual provides, in relevant part, that a commissioned salesperson's guaranteed draw "can be recovered only from commission earned in that workweek and not from commissions earned in future workweeks. This is so because every workweek must stand alone for purposes of minimum wage and overtime computation." DLSE Manual § 50.6.4.1. Plaintiff also points to the California Supreme Court's holding that "an employer may not attribute commission wages paid in one pay period to other pay periods in order to satisfy California's compensation requirements." Peabody v. Time Warner Cable, Inc., 59 Cal. 4th 662, 671 (Cal. 2014). These authorities do not support Plaintiff's argument. Instead, they address whether commissions may be "allocated" to weeks in which they are not paid in order to classify a salesperson as exempt. Thus, in Peabody, "most of [the plaintiff's] paychecks included only hourly wages and were for less than" one and one-half times the minimum wage, and the defendant argued that "that commissions should be reassigned from the biweekly pay periods in which they were paid to earlier pay periods." 59 Cal. 4th at 666. Similarly, the DLSE Manual's emphasis that "every workweek must stand alone for purposes of minimum wage and overtime compensation" clarifies that an exempt salesperson's actual weekly pay must exceed one and one-half times the minimum wage, as opposed to averaging out on a biweekly or monthly basis. The authorities are silent whether or not wages paid to satisfy this requirement may be deducted from commissions in excess of

---

[1] Plaintiff's Request for Judicial Notice (Docket No. 64) is granted. However, the Court notes that the DLSE Manual is not binding authority. See Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 563 (Cal. 2007) ("In 1996, this court held that all of the DLSE's interpretive policies contained in its 1989 Operations and Procedures Manual were regulations that were void because they had not been promulgated in compliance with the Administrative Procedure Act. . . . Nonetheless, we said, a court may adopt a DLSE statutory interpretation embodied in a void regulation if the court independently determines that the interpretation is correct.") (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

one and one-half times the minimum wage in subsequent weeks.[2/] Accordingly, the Court will analyze this claim based on the elements identified by Defendants. Because there is no genuine dispute that Plaintiff's principal function was selling furniture and that more than one-half of her earnings represented commissions based on the price of the furniture that she sold, this analysis is focused on whether Plaintiff's pay exceeded one and one-half times the minimum wage.

Plaintiff argues that she was not paid one and one-half times the minimum wage for each hour worked because Defendants failed to pay _anything_ for (1) "short clock out" rest periods, (2) work that Plaintiff was authorized to do after clocking out for lunch, (3) work that Plaintiff was authorized to do after clocking out for the day, (4) work that Defendants knew Plaintiff did outside of store hours, and (5) fractions of minutes that were "rounded down" from Plaintiff's recorded clock-punch data. Plaintiff also argues that the guaranteed draw does not comport with California compensation requirements because it was allegedly subject to repayment at the end of employment.

### 1. Defendants were not required to compensate Plaintiff for "short clock out" breaks

Section 12 of IWC 7-2001 prescribes that "[a]uthorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." There is no evidence that Plaintiff was authorized to take extra, off-the-clock breaks.[3/]

### 2. There is a genuine issue whether Plaintiff worked after clocking out at lunch and at the end of her workday

Plaintiff argues that her time and date stamped invoices for sales made after clocking out for lunch and at the end of her workday give rise to a genuine issue whether she worked off-the-clock hours with Defendants' authorization. See, e.g., Declaration of Bozena Klune ("Klune Decl.") ¶¶ 24-25, Exs. R-S.[4/] Defendants argue that Plaintiff testified that she recorded her time accurately (see Deposition of Bozena Klune ("Klune Depo.") at 76:14-16, 173:1-5) and cannot now create an issue of fact by offering conflicting testimony. See Cleveland v. Policy Mgmt. Systems Corp., 526 U.S. 795, 806 (1999). Plaintiff's deposition testimony that she recorded her time accurately, in the sense that she did not "falsify" time records, does not necessarily conflict with her declaration testimony. Viewing this

---

[2/] Plaintiff's other authorities are not applicable. Takacs v. A.G. Edwards & Sons, Inc., 444 F. Supp. 2d 1100, 1110 (S.D. Cal. 2007) concerns the Fair Labor Standards Act. Sciborski v. Pac. Bell Dir., 205 Cal. App. 4th 1152, 1168 (Cal. App. 2012) concerns Cal. Labor Code § 221.

[3/] Plaintiff cites a case applying the Fair Labor Standards Act ("FLSA") for the proposition that breaks during which she clocked out for 5-20 minutes constituted "authorized rest period time." Lillehagen v. Alorica, Inc., SACV 13-0092-DOC, 2014 WL 6989230, *5, *10 (C.D. Cal. Dec. 10, 2014). This is not an FLSA case.

[4/] Defendants' objection to these records is overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

evidence in the light most favorable to Plaintiff, the Court cannot rule out an interpretation of her deposition testimony according to which she was merely testifying that she did not <u>exaggerate</u> her time. Moreover, Plaintiff's deposition testimony was immediately followed, in one instance, by a line of questioning regarding "which particular days . . . you would punch out for lunch and then continue[] to help a customer," suggesting that, in context, accurately recording one's time did not preclude off-the-clock hours. (Klune Depo. at 173:6-8.)

Neither party makes any effort to link Plaintiff's alleged off-the-clock hours to her actual pay. Plaintiff's off-the-clock hours are only relevant to show that she was not paid one and one-half times the minimum wage in any given week when her total pay and total hours for that week are known. The Court declines to speculate about the meanings of various acronyms and abbreviations included in payroll data submitted by the parties. Defendants have failed to demonstrate the absence of a genuine issue whether Plaintiff worked off-the-clock hours that reduced her hourly pay to less than one and one-half times the minimum wage.

### 3. There is a genuine issue whether Plaintiff worked outside of the store

Plaintiff argues that Defendants were aware that she did work outside of store hours, including "making required customer loyalty phone calls from home . . . ; coming in early to make customer loyalty phone calls before clocking in for her shift; creating flyers to increase sales; taking potential clients out to lunch; and visiting potential clients." (Opposition at 12.) Defendants argue that there is no genuine issue whether Plaintiff worked outside of the store because she testified that she accurately recorded all of her work time and because she failed to present evidence that Defendants authorized her to work outside of the store. (Reply at 6.) For the reasons discussed above, Plaintiff's deposition testimony about recording time does not necessarily conflict with allegations that she worked extra hours off the clock. Plaintiff's declaration testimony that she discussed working outside of the store with her managers and was encouraged to do so is not refuted by Defendants' evidence that outside work was not required. (<u>See, e.g.</u>, Declaration of Virginia Pollock ¶ 5.)

### 4. Defendants did not "round down" Plaintiff's hours worked

Plaintiff argues that "payroll records indicate that Defendants rounded down [her] actual recorded time from her punch data on her checks. For example, during the week of October 30, 2011, to November 5, 2011, [her] hours are reported as 46.22 hours, instead of 46.22693 (or 46.23) due to rounding down hours." (Opposition at 12.) Defendants point out, however, that while the rounded figure appears in the records, the unrounded figure was used to calculate Plaintiff's pay. (Reply at 6.) Based on the example cited by Plaintiff, it appears that she was paid $12.01 per hour for 46.22693 hours (and not for 46.22 hours).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

> **5.  There is no evidence that Defendants' recovery of draw payments reduced her pay to less than one and one-half times the minimum wage**

Plaintiff argues that draw payments were subject to repayment in later weeks and at the end of employment.  (Opposition at 11.)  However, because she fails to argue that these repayments reduced her pay to less than one and one-half times the minimum wage – except to the extent that Defendants may not have paid her for all hours, as discussed above – this is not relevant to her status as an exempt commissioned salesperson.

*** 

For the reasons discussed above, the Court denies Defendants' Motion on Plaintiff's claim for failure to pay overtime.

> **B.  Failure to Provide Meal Periods or Compensation in Lieu Thereof**

"An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . .  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."  Cal. Lab. Code § 512(a).  The California Supreme Court has held that the "meal period requirement is satisfied if the employee (1) has at least 30 minutes uninterrupted, (2) is free to leave the premises, and (3) is relieved of all duty for the entire period."  Brinker Rest. Corp. v. Superior Court, 53 Cal. 4th 1004, 1036 (Cal. 2012).  Plaintiff argues that there are triable issues whether Plaintiff (1) was free to leave the premises, (2) was required to complete sales after clocking out for lunch, (3) was able to clock out for a meal within five hours of starting work, (4) worked shifts of more than 12 hours without a second meal period, and (5) was subject to policies that encouraged or coerced her to forego meal periods.

> **1.  There is a genuine issue whether Plaintiff was free to leave the premises during her meal periods**

Plaintiff claims that she was required to obtain a manager's approval prior to leaving the store during meal periods, and therefore was not free to leave the premises.  (See Klune Decl. ¶ 22.)  Defendants argue that the undisputed evidence shows that Plaintiff was free to leave because the "Missed Punch Policy" "simply advises that if an employee must leave the premises during paid clocked-in time, the employee needs to obtain authorization from a supervisor."  (Reply at 8.)  Unpaid meal periods are, by definition, not "paid clocked-in time."  However, the text of the policy is ambiguous whether it applies only to "paid clocked-in time": "If you leave the premises for any reason, you must get authorization from your supervisor/manager and you must ensure that you have clocked out prior to leaving the premises. . . ."  (Klune Decl., Ex. P) (emphasis added).  Defendants' evidence that other employees sometimes left the premises does not establish that Plaintiff was not required to ask

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

permission or that it was always granted. (See Declaration of Elizabeth Bell ¶ 4; Declaration of Evelia Gomez ¶ 5). Nor does the fact that Plaintiff occasionally left the store establish that she was not required to ask permission or that it was always granted.

### 2. Plaintiff was not required to complete sales after clocking out for lunch, but there is a genuine issue whether Plaintiff was encouraged to forgo meal periods

"[T]he employer is not obligated to police meal breaks and ensure no work thereafter is performed. Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay . . . ." Brinker, 53 Cal. 4th at 1040. Plaintiff argues that there was no bona fide relief from duty because she "had to get authorized by management to swipe out for lunch, and then continue with a customer to finish a sale." (Opposition at 15.) However, it appears that Plaintiff was required to work during meal periods only insofar as she wanted to complete a sale and earn a commission. Indeed, Plaintiff's evidence that she was "required" to complete sales includes testimony that managers told her to "'finish the customer because if you don't finish the customer, I'm going to give the customer to whoever is'—you know, 'don't have any sales that day.'" (Klune Depo. at 169:2-5.)

However, while "the employer is not obligated to police meal breaks and ensure no work thereafter is performed," "[t]he wage orders and governing statute do not countenance an employer's exerting coercion against the taking of, creating incentives to forgo, or otherwise encouraging the skipping of legally protected breaks." Brinker, 53 Cal. 4th at 1031. Plaintiff argues that Defendants' minimum sales quotas and commissions policies incentivized her to skip meal periods. Although Plaintiff has failed to provide evidence that the minimum sales quota could not be satisfied without skipping meal periods, there is a genuine issue whether Defendants provided positive incentives for her to skip meal periods. The Court does not suggest that all commission-based pay structures necessarily incentivize salespeople to skip meal periods. Evidence that commissions are apportioned between a relieved salesperson and his or her substitute, for instance, would seem to satisfy Brinker. However, there is no such evidence in this record.

### 3. Defendants provided a meal period within five hours of Plaintiff's start time

Plaintiff claims that she clocked out for late meal periods after her fifth hour of working and that Defendants knew that she did so in order to complete sales. Defendants offer evidence, however, that Plaintiff was repeatedly issued written warnings for failing to take meal breaks within five hours. (Klune Depo., Ex. 18.) Moreover, Plaintiff's deposition testimony establishes that she took late lunches by choice—other sales associates could have relieved her, if she had wished. (Klune Depo. at 169:2-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

**4. There is a genuine issue whether Defendants complied with the second meal break requirement**

Plaintiff argues that Defendants were required to provide a second meal period after ten hours of work and that her waiver of the second meal period was not valid. Cal. Lab. Code § 512(a). Plaintiff claims that she worked shifts of more than twelve hours and notes that the statute does not provide for waiver of the second meal period during such shifts. Defendants' argument that Plaintiff admitted that she accurately recorded all of her work time (with no shifts longer than twelve hours) does not settle the dispute raised by sales invoices reflecting longer work hours.[5]

\*\*\*

Defendants' Motion on Plaintiff's meal period claims is denied.

**C. Failure to Provide Rest Periods or Compensation in Lieu Thereof**

"Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." IWC 7-2001 § 12(A). "Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." Brinker, 53 Cal. 4th at 1029. The "onus is on the employer to clearly communicate the authorization and permission [to take rest breaks] to its employees." Bufil v. Dollar Fin. Grp., Inc., 162 Cal. App. 4th 1193, 1199 (Cal. App. 2008). Plaintiff argues that Defendants' Motion should be denied because (1) Defendants failed to inform her that she was entitled to three breaks during shifts over ten hours, (2) rest breaks were not duty free insofar as she was not permitted to leave the premises, (3) Defendants failed to pay her for "short clock out" breaks, (4) there were times that Plaintiff requested and was refused rest breaks, and (5) Defendants' policies incentivized her to skip breaks.

---

[5]  Plaintiff also argues that her waiver of a second meal period during shifts of between ten and twelve hours is not valid because it was "prospective" and because she was not fully informed of her rights. Plaintiff's prospective waiver argument is based on the fact that the court in Brinker couched its holding regarding waiver of an employee's first meal period in terms of what must happen "after the meal break obligation is triggered." 53 Cal. 4th at 1039. However, it does not appear that the court intended to load any temporal dimension into this statement and thereby preclude prospective waiver—the court appears to have used "after" in the sense of "if." Plaintiff's secondary argument that IWC 7-2001 § 11(C) expressly permits prospective waiver and, therefore, no implicit permission of prospective waiver should be inferred from § 11(B), is without merit. Section 11(C) simply specifies a provision that must be included in such a waiver—it does not permit prospective waiver so much as it assumes that such waivers will be made.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

### 1. There is a genuine issue whether Plaintiff was informed of her right to a third rest break

Plaintiff argues that she was not informed of her right to a third rest break during a shift of more than ten hours because the Employee Handbook (the "Handbook") states that there are "two 10 minute break periods during each shift." (Opposition at 13.) Defendants point out that this guidance was provided merely as an "example." The Handbook goes on to explain that "[t]his may be modified depending on the work schedule," but does not discuss the possibility of a third break. (Klune Depo., Ex. 4 at 4.) Moreover, Plaintiff has testified that she was told in orientation "[t]hat if you work 12 hours, you get two breaks." (Klune Depo. at 99:23-24.) There is a genuine issue whether she was properly informed of her rest period rights.

### 2. Plaintiff was not entitled to leave the premises during rest breaks

Plaintiff cites Bono Enterprises, Inc. v. Bradshaw, 32 Cal. App. 4th 968, 974 (1995) and Delagarza v. Tesoro Ref. & Mktg. Co., C-09-5803 EMC, 2011 WL 4017967, at *6, *13 (N.D. Cal. Sept. 8, 2011) as authority for the proposition that employees must be free to leave work premises during rest breaks. However, both cases relate to meal periods rather than rest breaks. The Court recognizes and adopts the sound reasoning of the DLSE's explanation in its "FAQs" regarding "Rest Periods/Lactation Accommodation" that "[s]ince employees are paid for their rest periods, they can be required to remain on the employer's premises during such periods." (http://www.dir.ca.gov/dlse/faq_restperiods.htm.)

### 3. Defendants were not required to pay for off-premises rest period time

Plaintiff claims that she took "multiple short clock out breaks between 5 and 20 minutes" for which she was not paid. (Opposition at 13-14.) However, her testimony indicates that she was required to clock out for breaks only when she planned to take them outside of the store. For example, she testifies that "I recall managers advising again that it was company policy for associates to clock out before leaving the premises for rest breaks." (Klune Decl. ¶ 23.) As discussed above, Defendants were permitted to require employees to remain on the premises during paid rest breaks. By implication, Defendants were not required to pay employees for rest periods taken off-premises.

### 4. Defendants were not required to provide rest periods whenever Plaintiff requested

Plaintiff claims that there were times that she requested a rest period and was told that she could not take one. She does not, however, offer any evidence that this resulted in her not being permitted to take legally compliant breaks at other times during her shift. Nor does Plaintiff cite to any authority suggesting that the timing of rest periods is outside of an employer's discretion. To the contrary, Brinker states that "[t]he only constraint on timing is that rest breaks must fall in the middle of work periods 'insofar as practicable.' Employers are thus subject to a duty to make a good faith effort to authorize and permit rest breaks in the middle of each work period, but may deviate from that preferred course where practical considerations render it infeasible." 53 Cal. 4th at 1031.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

### 5. The Court need not decide whether Brinker's rule against encouraging the skipping of meal periods extends to rest periods

Finally, Plaintiff again raises the argument that Defendants' policies and sales rules encouraged the skipping of legally compliant rest breaks. (Opposition at 14.) Defendants acknowledge that Plaintiff voluntarily skipped rest periods so that she could earn more commissions. (Reply at 7.) The issue, then, is whether Brinker's rule against encouraging the skipping of meal periods extends to rest periods. Because there is no clear authority on this point and the Court has already found a genuine issue whether Plaintiff was informed of her rest period rights, the Court will not resolve this question. Defendant's Motion on Plaintiff's rest period claim is denied.[6]

### D. Failure to Indemnify and Reimburse Expenditures/Losses

"An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ." Cal. Labor Code § 2802(a). "[A]scertaining what was a necessary expenditure will require an inquiry into what was reasonable under the circumstances." Grissom v. Vons Companies, Inc., 1 Cal. App. 4th 52, 58 (Cal. App. 1991). Section 2802 "focuses not on whether an employee makes a request for reimbursement but rather on whether the employer either knows or has reason to know that the employee has incurred a reimbursable expense." Stuart v. Radio Shack Corp., 641 F. Supp. 2d 901, 903 (N.D. Cal. Apr. 30, 2009).

Plaintiff claims that she incurred expenses "related to achieving 'necessary' minimum sales standards," including "use of her cell phone for customer calls, work related driving, materials for flyers showing her work dates and times, stamps to mail the flyers, and taking clients out to lunch." (Opposition at 18-19.) Plaintiff offers no evidence, however, giving rise to a genuine issue whether these expenditures were necessary. Evidence that she was encouraged to advertise the business does not demonstrate that she was required to do so. Defendants' Motion is therefore granted Plaintiff's claim for failure to indemnify and reimburse expenses or losses.

### E. Waiting Time Penalties

"If an employer willfully fails to pay, without abatement or reduction, . . . , any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced." Cal. Labor

---

[6] Defendants' argument that Plaintiff's rest period claims "are entirely subsumed within the certified rest period class in Vaquero, et al. v. Stoneledge Furniture, LLC, LASC Case No. BC522676," raised for the first time in their Reply brief, will not be considered. The Court need not consider arguments raised for the first time in a Reply brief. See, e.g., United States v. Holler, Nos. EDCV 10-00288 VAP, EDCR 01-00018 VAP, 2011 WL 2682142 (C.D. Cal. July 6, 2011) (listing cases). Though this argument is compelling, it would be particularly unfair to consider it when Defendants have failed to provide evidence excluding the possibility that Plaintiff opted out of the class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

Code § 203(a). Defendants argue that Plaintiff's Section 203 claim fails because there is no evidence that its failure to pay disputed wages was "willful." "There is no willful failure to pay wages if the employer and employee have a good faith dispute whether and when the wages were due." Nordstrom Com'n Cases, 186 Cal. App. 4th 576, 584 (Cal. App. 2010). Plaintiff argues that this "good faith" defense raises triable issues of fact, including, for example, whether Defendants knew that Plaintiff worked "off the clock." For the reasons discussed above, Plaintiff is correct. Defendants' Motion on Plaintiff's waiting time penalty claim is denied.

### F.      Failure to Keep Accurate Payroll Records

California employers are required to "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments." Cal. Labor Code § 1174(d). Plaintiff argues that Defendants failed to keep accurate payroll records because their records fail to account for time worked during meal and rest periods. Defendants again assert the "good faith" defense, but again there is a genuine issue whether they knew that Plaintiff worked off the clock. Defendants' Motion is denied on Plaintiff's payroll records claim.

### G.      Failure to Furnish Accurate Itemized Wage Statements

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized [wage statement] . . . ." Cal. Labor Code § 226(a). Defendants' "good faith" defense whether they knew that Plaintiff worked off the clock is again unavailing.

Defendants assert the additional defense that Plaintiff is a member of the certified wage statement class in Ricardo Bermudez Vaquero v. Ashley Furniture Industries, Inc., No. CV-12-8590 PA (MANx). The Vaquero wage statement subclass includes "[a]ll California-based Sales Associates employed by defendant Stoneledge from August 24, 2008 through the present, who were not paid minimum wages for all non-sales related time worked and therefore were not provided itemized wage statements, as required by California Civil Code section 207." Here, Plaintiff's wage statement claim is based, in part, on Plaintiff's sales-related time worked off the clock. Defendants' Motion on Plaintiff's wage statement claim is denied.

### H.      Unlawful, Unfair, and Fraudulent Activity

Defendants argue that Plaintiff's claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., fails because there are no predicate violations and because she failed to timely certify a class in this action. Because the Court denied Defendants' Motion on several of Plaintiff's claims, Defendants' first argument fails,  However, Defendants are correct that Plaintiff's failure to timely certify a class precludes her proceeding on the UCL claim in a representative capacity. See Arias v. Superior Court, 46 Cal. 4th 969, 977 (Cal. 2009) (holding that when a private party pursues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3986 PA (FFMx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Bozena Klune v. Ashley Furniture Industries, Inc., et al. | | |

a representative action under the UCL, the "action must meet the requirements for a class action"). Accordingly, Defendants' Motion is denied to the extent that it applies to Plaintiff's individual UCL claim and granted to the extent that it applies to a representative UCL claim.

### I.     California Private Attorney General Act

On October 27, 2014, this Court issued an order striking Plaintiff's class allegations because she failed to move for class certification within the deadline prescribed by Local Rule 23-3. (Docket No. 49.) This order is dispositive on Plaintiff's claim under California's Private Attorney General Act ("PAGA"), Cal. Labor Code §§ 2698, et seq. The parties have not addressed whether Plaintiff could potentially assert an "individual" PAGA claim, but the Court notes that California courts have indicated that PAGA claims must be litigated in a representative capacity. See, e.g., Reyes v. Macy's, Inc., 202 Cal. App. 4th 1119, 1123 (Cal. App. 2011) ("A plaintiff asserting a PAGA claim may not bring the claim simply on his or her own behalf but must bring it as a representative action and include 'other current or former employees.'") (quoting Machado v. MAT & Sons Landscaping, Inc., No. 2:09-cv-00459 JAM JFM, 2009 WL 2230788, at *3 (E.D. Cal. July 23, 2009)). Accordingly, Defendants' Motion is granted on Plaintiff's PAGA claim.

### J.     Ashley's Status as Employer

Under IWC Wage Order 7-2001, "employer" "means any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." See also Martinez v. Combs, 49 Cal. 4th 35, 64 (Cal. 2010). Defendants argue that Ashley never employed Plaintiff because Plaintiff "admitted that she understood that Stoneledge was her employer, that she had never heard of Ashley Furniture Industries, Inc. before her deposition, and that she could not recall ever meeting anyone that works for Ashley or ever receiving any compensation checks from Ashley." (Motion at 24.) Plaintiff points out that she "signed multiple documents [that] reflect Ashley's control over employment." (Opposition at 25). These include various job application materials reflecting Ashley's role as employer. (See, e.g., Klune Depo., Exs. 1, 4.) Moreover, Plaintiff has submitted evidence indicating Ashley's involvement in monitoring the hours of Plaintiff's colleagues. (See Amper Decl. ¶ 11, Ex. C.) There is a genuine issue whether Ashley exercised control over Plaintiff's wages, hours, or working conditions. Accordingly, the Motion is denied.

### Conclusion

For all of the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED on Plaintiff's claim for failure to indemnify and reimburse expenditures/losses, Plaintiff's representative claim under the UCL, and Plaintiff's PAGA claim. The Motion is otherwise DENIED.

IT IS SO ORDERED.